UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |
|---|
| ICC CHEMICAL CORPORATION,<br><br>               Plaintiff,<br><br>- against -<br><br>AL FAYROUZ FOR INDUSTRY & INTERNATIONAL TRADE CO.,<br><br>               Defendant. |

## VERIFIED COMPLAINT

Plaintiff, ICC Chemical Corporation ("ICC" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Phillips, LLC, as and for its Verified Complaint against Defendant, Al Fayrouz For Industry & International Trade Co. ("Fayrouz" or "Defendant"), alleges the following:

## NATURE OF THE ACTION

1. This action arises out of Defendant's breach of a commodity purchase and sale agreement between Plaintiff and Defendant.

## THE PARTIES

2. Plaintiff ICC is a corporation organized under the laws of the state of New York with its principal place of business at 725 Fifth Avenue, 14th Floor, New York, New York 10022.

3. ICC is a worldwide trader of chemical commodities, including but not limited to polyvinyl chloride ("PVC").

4. Defendant Fayrouz, upon information and belief, is a corporation or other business entity, organized and existing under the laws of Egypt, with its principal place of business at Lot 2A Block 22004, Industrial Zone B, G, Al-Shabab Street, Al-Obour City, Egypt.

5. Since 2019, ICC has sold Fayrouz approximately 9,000 metric tons of PVC, with an estimated value in excess of USD $8.4 million.

## JURISDICTION AND VENUE

6. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 as ICC is a New York corporation with its principal place of business in Manhattan, New York, and Fayrouz is an Egyptian corporation or other business entity with its principal place of business in Al-Obour City, Egypt; complete diversity of citizenship therefore exists.

7. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

8. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because Fayrouz is subject to the Court's personal jurisdiction and the terms governing the contractual relationship between the parties provide for resolution of disputes arising under the parties' contract to be resolved in the state or federal courts located in New York, New York.  Moreover, venue is proper in this District pursuant to 28 U.S.C § 1391(c)(3) because Fayrouz does not reside in the United States.

## FACTS

9. Plaintiff ICC and Defendant Fayrouz are sophisticated merchants dealing in certain commodities, including but not limited to PVC.

10. On or about October 27, 2021, Fayrouz ordered from ICC 500 metric tons of PVC Resin Grade Formosa F622.

11. ICC issued to Fayrouz a Sales Confirmation and Invoice S16214 dated October 27, 2021 reflecting a purchase price of $2,240 per metric ton.

12. Fayrouz duly stamped and signed the Sales Confirmation and Invoice S16214 dated October 27, 2021.  *See Exhibit A annexed hereto.*

[2]

13. Sales Confirmation and Invoice S16214 required Fayrouz to pay 20% of the purchase price of USD $1,120,000.00 cash in advance.

14. On or about November 9, 2021, Fayrouz paid ICC 20% of the purchase price, or USD $224,000, by electronic funds transfer to ICC's bank account in New York.

15. Subsequently, the market price for PVC dropped and Fayrouz requested a discount on the purchase price, which ICC granted in the amount of USD $100 per metric ton, and issued an amended Sales Confirmation and Invoice S16214 dated December 22, 2021 reflecting a reduced price of $2,140 per metric ton.

16. Fayrouz duly stamped and signed the Sales Confirmation and Invoice S16214 dated December 22, 2021 (hereinafter "Contract").  *See Exhibit B annexed hereto*.

17. The Contract provided for ICC to ship the PVC to Fayrouz at Alexandria, Egypt via ocean vessel pursuant to "CIF" (cost, insurance, freight) Incoterms.

18. The Contract further provided that timing of the shipment was subject to shipping space being available.

19. The Contract further provided that in any action to enforce its terms ICC, as seller, shall be entitled to reasonable attorney's fees in addition to any other relief to which it may be entitled.

20. ICC tendered the PVC for shipment to Fayrouz by ocean carrier in December, 2021.

21. On or about January 13, 2022, Fayrouz sent a request to ICC's agent in Egypt requesting cancelling the transaction and reimbursement of the USD $224,000 advance payment of the purchase price.

22. In mitigation of damages, ICC resold the PVC to the highest bidder at a sale price of USD $1,620 per metric ton, resulting in a loss of USD $267,410[1] compared to the USD $2,140 per metric ton price under the Contract.

23. ICC instructed the ocean carrier, which was already in possession of the PVC, to divert the shipment to the highest bidder in Istanbul, Turkey, incurring additional shipment costs of USD $31,300.

24. Notwithstanding the binding forum selection and choice of law clause in the Contract requiring any claim or controversy arising out of or relating to the Contract to be brought exclusively in the state or federal courts located in the County of New York, Fayrouz commenced a lawsuit against ICC in Egypt seeking to recover the USD $224,000 deposit payment it remitted to ICC on or about November 9, 2021.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

25. Paragraphs 1 through 24, above, are incorporated by reference in this First Cause of Action as if set forth herein at length.

26. Fayrouz's January 13, 2022 cancellation letter constituted a breach of contract.

27. Fayrouz's commencement of a legal action against ICC in Egypt in relation to the Contract constituted a further breach of contract.

28. As a result of Fayrouz's breach of the Contract, ICC has suffered damages as follows:

   i. $267,140 in principal damages after mitigation;

   ii. Interest on the $267,140;

   iii. $31,300 in additional shipping costs;

---

[1] USD $2,140 – USD $1,620 = $ USD $520 x 514.250 MT = USD $267,140.

iv. Legal fees for Egyptian counsel in an amount to be determined; and

v. Legal fees for enforcement of the Contract in this action in an amount to be determined.

## SECOND CAUSE OF ACTION – DECLARATORY RELIEF

29. Paragraphs 1 through 24, above, are incorporated by reference in this Second Cause of Action as if set forth herein at length.

30. This cause of action is for declaratory relief under 28 U.S.C. § 2201(a).

31. Pursuant to 28 U.S.C. § 2201, an actual controversy within this Court's jurisdiction exists between the parties.

32. Fayrouz has filed suit against ICC in Egypt, notwithstanding section 13 of the Contract, which must be constructed in accordance with New York law, and which provides exclusive jurisdiction in the federal or state courts in New York.

33. ICC is entitled to an order from this Court declaring that Fayrouz is bound by section 13 of the Contract and therefore cannot bring suit against ICC outside of New York and may not assert claims under any law other than New York law.

## THIRD CAUSE OF ACTION – INJUNCTIVE RELIEF

34. Paragraphs 1 through 24 and 29 through 33, above, are incorporated by reference in this Third Cause of Action as if set forth herein at length.

35. ICC is entitled to preliminary and permanent injunctions from this Court enjoining Fayrouz from pursuing any action against ICC arising from or relating to the Contract under any law other than New York law.

36. The parties and issues in the Egyptian litigation that ICC seeks to enjoin are the same as those in this action, and this action is dispositive of the Egyptian action to be enjoined; litigation outside the United States would frustrate the policy of the U.S. courts, including this one,

to enforce valid forum-selection clauses; and the injunction's impact on comity would be negligible.

37.     There exists a strong likelihood that ICC will succeed in showing that the forum-selection clause in the Contract binds Fayrouz and requires it to resolve in New York any claims arising out of the Contract.

38.     The benefits to ICC in obtaining injunctive relief outweigh any potential harm to Fayrouz, which agreed to resolve any disputes relating to or arising from the Contract in the state or federal courts of New York.

39.     Unless Fayrouz is enjoined by this Court, ICC will suffer immediate and irreparable injury, including the potential loss of the ability to even seek the relief requested in this Court and the burden and costs of defending itself against litigation in Egypt in derogation of a valid forum-selection clause.

## PRAYER FOR RELIEF

**WHEREFORE**, ICC prays for the following:

(a) A temporary restraining order enjoining Fayrouz and any of its affiliates, officers, directors, shareholders and employees, whether acting directly or indirectly, from filing claims or initiating or continuing litigation against ICC, affiliates, officers, directors or employees relating to or arising from the Contract in a jurisdiction other than the state or federal courts in New York County;

(b) A preliminary injunction enjoining Fayrouz and any of its affiliates, officers, directors, shareholders and employees, whether acting directly or indirectly, from filing claims against ICC, its affiliates, officers, directors or employees relating to or arising from the Contract in a jurisdiction other than the state or federal courts in New York County;

(c) A temporary restraining order enjoining Fayrouz and any of its affiliates, officers, directors, shareholders and employees, whether acting directly or indirectly, from seeking in a foreign tribunal to enjoin ICC from (i) securing the anti-suit injunctive relief identified in (a) and (b) above or (ii) securing any available relief in the state or federal courts in New York County regarding claims against ICC relating to or arising from the Contract;

(d) A preliminary injunction enjoining Fayrouz and any of its affiliates, officers, directors, shareholders and employees, whether acting directly or indirectly, from seeking in a foreign tribunal to enjoin ICC from (i) securing the antisuit injunctive relief identified in (a) and (b) above or (ii) securing any available relief in the state or federal courts in New York County regarding claims relating to or arising from the Contract;

(e) A permanent anti-suit injunction enjoining Fayrouz and its affiliates, officers, directors, shareholders and employees, whether acting directly or indirectly, from initiating or prosecuting any action against ICC, its affiliates, officers, directors or employees relating to or arising from the Contract outside the State of New York;

(f) A judicial declaration that any action that Faryouz and its affiliates, officers, directors, shareholders and employees, whether acting directly or indirectly, have or may commence against ICC, its affiliates, officers, directors or employees must be brought in compliance with section 13 of the Contract;

(g) Judgment awarding ICC:

    i. Damages in an amount to be determined at trial;

    ii. Pre and/or post-judgment interest pursuant to New York law;

    iii. Reasonable attorney's fees;

    iv. Costs of this action; and

v.  Such other, further and different relief as the Court deems just and proper under the circumstances.

Dated:  June 29, 2022

                The Plaintiff,
                ICC CHEMICAL CORPORATION

By: _____
       Patrick F. Lennon, Esq.
       Steven R. Winters, Esq.
       LENNON MURPHY & PHILLIPS LLC
       420 Lexington Avenue, Suite 300
       New York, NY 10170
       Ph.   (212) 490-6050
       Fax:  (212) 490-6070
       pfl@lmplaw.net
       srw@lmplaw.net

## VERIFICATION

I, P. Ryan McElduff, General Counsel of the Plaintiff, ICC Chemical Corporation, herein, hereby declare that I am authorized to execute this Verification on its behalf and that I have read the foregoing Verified Complaint and all the contents thereof are either true to my knowledge or are based on the contents of documents that I have reviewed, except as to those matters alleged upon information and belief, and as to those matters, I believe them to be true.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of June, 2022 at New York, New York.

_____
P. Ryan McElduff
General Counsel
ICC Chemical Corporation